IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TONY JAMES BELCOURT,<br>TAMMY KAY LEISCHNER,<br>JAMES HOWARD EASTLICK,<br>MARK CRAIG LEISCHNER,<br>and HAILEY LEE BELCOURT,<br><br>Defendants. | CR 13–39–GF–DLC<br><br>ORDER |

Defendant Tony Belcourt ("Belcourt") has filed a motion to dismiss Count I of the Superseding Indictment pursuant to Rule 12(b)(2) of the Federal Rules of Criminal Procedure. Count I charges conspiracy under 18 U.S.C. § 371. Belcourt contends the charge must be dismissed because it fails to allege that the target of the conspiracy was the United States or an agency thereof. For the reasons explained below, the motion will be denied.

Title 18 U.S.C. §371 provides: "If two or more persons conspire *either* to commit any offense against the United States, *or* to defraud the United States, or any agency thereof . . ." the person is subject to criminal penalties. (emphasis

added.)  The statute is written in the disjunctive such that one can commit the offense *either* by committing any offense against the United States, *or* by defrauding the United States.  Such is the established law of this circuit.  *United States v. Smith*, 891 F.2d 703, 712 (9th Cir. 1989) ("the two clauses [of § 371] should be interpreted to establish alternate means of commission.") Other circuits are in accord.  *See,e.g. United States v. Rigas*, 605 F.3d 195, 209 (3rd Cir. 2010)("the plain and literal meaning of the words 'either ... or' suggests that Congress enacted § 371 intending to create a single, criminal offense that may be committed in two alternative ways"); *United States v. Harmas*, 974 F.2d 1262 (11th Cir. 1992)("The  [conspiracy] statute is written in the disjunctive and should be interpreted as establishing two alternative means of committing a violation."

Belcourt contends that *Tanner v. United States*, 438 U.S. 107 (1987), mandates a different result.  Belcourt contends that *Tanner* stands for the proposition that in order to sustain a charge of conspiracy the government must allege that the defendant conspired to defraud the United States, with proof that the entity defrauded is at least an agency of the United States.  *Tanner*, however, involved a charge of conspiracy only under the prong of the statute which criminalizes conspiracies to defraud the United States.  Belcourt is correct that for conspiracies charged under the defraud prong, *Tanner* mandates that the

2

government allege that the United, or an agency thereof, was the target of the conspiracy to defraud. *Tanner*, however, did not address, because it did not involve, a charge of conspiracy under the prong which criminalizes conspiracies to commit an offense against the United States. *Tanner* is therefore inapplicable to this case because the government here has alleged that Defendants "did knowingly and intentionally conspire to commit an offense against the laws of the United States." (Doc. 90 at 5.) *Tanner* did not eliminate the possibility of maintaining an 18 U.S.C. § 371 charge based on conspiracy to commit an offense against the United States.

"It has long been established that the words 'offense against the United States' encompass all offenses against the laws of the United States, not just offenses directed at the United States as a target or victim." *United States v. Gabrion*, 517 F.3d 839, 855 (6th Cir. 2008). Here, the government alleges that Defendants conspired to commit the offense of theft and embezzlement from an Indian tribal government receiving federal funding, a violation of 18 U.S.C. § 666(a)(1)(A). The government has not alleged that Defendants conspired to defraud the United States or an agency thereof. Therefore, it is immaterial whether the Chippewa Cree Construction Company, or any other entity victimized and/or targeted by the conspiracy, is an agency of the United States. Accordingly,

3

Count I of the Superseding Indictment properly states a federal offense.

IT IS ORDERED that the motion to dismiss Count I of the Superseding Indictment (doc. 125) is DENIED.

Dated this 10th day of October, 2013.

_____
Dana L. Christensen, Chief District Judge
United States District Court